IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRESTON REDMOND, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-01414-G (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Preston Redmond, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the forfeiture of his street-time credit following two parole revocations. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. As explained below, the District Court should dismiss Redmond's petition in part as time-barred and deny it in part because his claims lack merit.

I.

In 1991, Redmond pleaded guilty to burglary of a vehicle in Dallas County, Texas, and was sentenced to twenty-five years' imprisonment. *See State of Texas v. Preston Redmond*, Case Number F91-03257-MW. On June 16, 1999, Redmond was released to parole, but his parole was revoked on

April 12, 2005. State Habeas Ct. R. -02 at 74-81 (Parole Revocation Hearing Report); Resp. Ex. B (ECF No. 10-2) at 4-5. Because of a 1980 conviction for aggravated robbery with a deadly weapon, Resp. Ex. C (ECF No. 10-3) at 2, Redmond forfeited his "street-time credit"—the time he spent on parole— which was four years, three months, and one day.[1] *See* Tex. Gov't Code §§ 508.149(a)(1), (12), 508.283(b); Resp. Ex. C (ECF No. 10-3) at 1; Resp. Ex. B. (ECF No. 10-2) at 5. On December 16, 2005, Redmond submitted a Time Dispute Resolution form; and, on May 11, 2006, he received a response from a Texas Department of Criminal Justice (TDCJ) official stating there was no error in his time calculation. *See* Resp. Ex. B (ECF No. 10-2) at 6.

Redmond was released on parole for a second time on September 13, 2007. *See* Resp. Ex. D (ECF No. 10-4) at 3. But, on March 6, 2019, his parole was revoked. *See* Resp. Ex. E (ECF No. 10-5) at 2. Again, because of his prior conviction for aggravated robbery with a deadly weapon, Redmond forfeited his street-time credit, which was nine years, three months, and nine days.[2]

---

[1] Redmond was taken into custody on a pre-revocation arrest warrant on June 29, 2000. Resp. Ex. B. (ECF No. 10-2) at 3. The warrant was withdrawn, and he was released on February 8, 2001. *Id.* Redmond was taken into custody again on another pre-revocation arrest warrant on March 12, 2004. *Id.* The subsequent warrant was also withdrawn, and he was released on January 25, 2005. *Id.* Redmond was taken into custody on a third pre-revocation arrest warrant on March 8, 2005. *Id.* His parole was revoked on April 12, 2005. *Id.*

[2] Redmond was taken into custody on a pre-revocation arrest warrant on May 9, 2011. Resp. Ex. B. (ECF No. 10-2) at 3. The warrant was withdrawn, and he was released on August 9, 2012. *Id.* Redmond was taken into custody again on another pre-revocation arrest warrant on March 12, 2018. *Id.* On

*See* Tex. Gov't Code, §§ 508.149(a)(1), (12), 508.283(b); *see also* Resp. Ex. B ([ECF No. 10-2](#)) at 6. On May 3, 2019, Redmond submitted a Time Dispute Resolution form; and, on July 20, 2019, he received a response from a TDCJ official stating that there was no error in the time calculation. State Habeas Ct. R. -03 ([ECF No. 12-5](#)) at 31; *see also* Resp. Ex. B ([ECF No. 10-2](#)) at 6.

Then, on January 13, 2020, Redmond filed a state habeas application challenging the forfeiture of his street-time credit. State Habeas Ct. R. -03 ([ECF No. 12-5](#)) at 15-16, 25. The Texas Court of Criminal Appeals (CCA) denied the application without a written order on March 11, 2020. State Habeas Ct. R. -03 "Action Taken" sheet ([ECF No. 12-3](#)).

On May 31, 2020, Redmond filed his federal habeas petition. ([ECF No. 3.](#)) In his sole ground for relief, he argues he is being denied street-time credit in violation of his due process rights because, at the time of his parole revocation, he had served the entirety of his sentence. Respondent argues that, to the extent Redmond challenges the forfeiture of his street-time credit following his 2005 parole revocation, the Court should dismiss his petition as time-barred. Respondent further argues, to the extent Redmond challenges the forfeiture of his street-time credit following his 2019 parole revocation, the Court should deny his petition because his claims lack merit.

---

November 30, 2018, he was convicted of unauthorized use of a motor vehicle and sentenced to two years' imprisonment. *Id.* His parole was revoked on March 6, 2019. *Id.*

Redmond did not file a reply, and the time for doing so has passed. The issues have been fully briefed, and his claims are ripe for adjudication.

II.

A.   <u>Redmond's claim relating to the forfeiture of street-time credit following his 2005 parole revocation is time-barred.</u>

1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, <u>Pub. L. 104-132</u>, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. <u>28 U.S.C. § 2244(d)(1)(A)</u>.

Here, Redmond challenges, in part, the forfeiture of street-time credit following his parole revocation in 2005. *See* Pet. 6 (<u>ECF No. 3</u>); Mem. 2-3 (<u>ECF No. 4</u>). Under § 2244(d)(1)(D), the factual predicate of his claim arose, at the latest, on April 12, 2005, the date the Board revoked his parole. *See* State Habeas Ct. R. -02 (<u>ECF No. 12-1</u>) at 74. Redmond then had one year, until April 12, 2006, to file his federal petition. He did not file his petition in this Court until May 31, 2020, more than *fourteen years* after the deadline expired. *See* Pet. 10 (<u>ECF No. 3</u>). Redmond's federal petition is therefore untimely as it relates to his claim that he was improperly denied street-time credit as a result of his 2005 parole revocation.

On December 16, 2005, Redmond submitted a Time-Dispute Resolution Form, and a TDCJ official responded to it on May 11, 2006. *See* Resp. Ex. B ([ECF No. 10-2](#)) at 5. The pendency of the Time-Dispute Resolution Form tolled the federal limitations period for 147 days, and this extended Redmond's filing deadline to September 6, 2006. *See [Stone v. Thaler](#)*, 614 F.3d 136, 138 (5th Cir. 2010) (finding the limitations period is statutorily tolled for purposes of § 2244(d)(2) while a Time-Dispute Resolution issue is pending, for up to 180 days); *see also [Penton v. Davis,](#) 2016 WL 6525437, at \*4 (S.D. Tex. Nov. 3, 2016).* However, Redmond still waited almost fourteen years beyond the September 6, 2006 deadline to file his federal petition.

On January 13, 2020, Redmond filed a state habeas application challenging the forfeiture of his street-time credit. State Habeas Ct. R. -03 ([ECF No. 12-5](#)) at 25. Because Redmond filed his state habeas application after the September 6, 2006 deadline, the state application did not toll the limitations period. *See [Flores v. Quarterman](#), 467 F.3d 484, 485 n.2 (5th Cir. 2006)* (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *[Scott v. Johnson](#), 227 F.3d 260, 263 (5th Cir.*

2000) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period)).

2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Redmond's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 9 (ECF No. 3). Redmond responded, "TIMELY FILED." *Id.* Redmond apparently believes his petition was timely, and he fails to make any

argument that his petition is subject to equitable tolling. Moreover, his petition was filed almost fourteen years after the limitations period expired, and he has failed to demonstrate that he diligently pursued his rights. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must demonstrate (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance got in his way and prevented a timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Finally, Redmond has failed to show that some "extraordinary circumstance" stood in his way. *Id.* "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). Redmond fails to meet his burden of demonstrating that he is entitled to equitable tolling. *See Phillips*, 216 F.3d at 511.

3. Actual Innocence

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new

evidence. *Id.* Redmond has made no such showing. Indeed, Redmond has not made an actual innocence argument at all. *See* Pet. (ECF No. 3); Mem. (ECF No. 4). Therefore, Redmond has failed to show that actual innocence serves as a gateway through which his time-barred petition can pass.

B.   Redmond's claim that he was improperly denied street-time credit lacks merit.

"To obtain review of a state court judgment under § 2254, a prisoner must assert a violation of a federal constitutional right." *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also* 28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). For relief under § 2254, a petitioner must claim the violation of a federal constitutional right. *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted)).

Redmond's claim that his due process rights were violated when he forfeited street-time credit after his 2019 parole revocation fails because he has no constitutionally protected interest in the street-time credit he lost. A due process claim based on the loss of street-time credit and the resulting extension of the sentence is meritless. *See Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013) ("Because [the petitioner] had no protected liberty

interest in the street-time credit that he claims to have accrued, his due-process right was not violated."); *see also Flores v. Davis*, 2016 WL 6652748, at *3 (S.D. Tex. Nov. 9, 2016) (citing *Rhodes*, 713 F.3d at 267). Accordingly, Redmond has not stated a claim for a federal constitutional violation, and this claim therefore fails. *See Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir.1989) (there is no constitutional violation where the petitioner loses his "street time" after committing a new offense); *see also Osborne v. U.S. Dist. Court, S. Dist. of Mississippi, Biloxi, MS*, 132 F.3d 1456, 1999 WL 803105, at *1 (5th Cir. 1997) (per curiam) ("Because the forfeiture was mandatory, the lack of a notice or hearing did not violate the Due Process Clause.").

Redmond also cannot demonstrate that he has a constitutionally cognizable liberty interest in street-time credit. Whether a petitioner has a liberty interest in street-time credit is governed by the law in effect at the time of the revocation. *Rhodes*, 713 F.3d at 265-68 (citing *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009)). Redmond's parole was revoked for the second time on March 6, 2019. *See* Resp. Ex. E (ECF No. 10-5) at 2. The applicable state law in effect at the time was Texas Government Code § 508.283. Section 508.283(b) specifically excludes individuals from receiving street-time credit when their release is revoked because they have been convicted of an offense ineligible for mandatory supervision under § 508.149(a). *Rhodes*, 713 F.3d at 266-67; Tex. Gov't Code

§§ 508.149(a), 508.283(c). Because Redmond had a 1980 conviction for aggravated robbery with a deadly weapon, Resp. Ex C (ECF No. 10-3) at 2, he forfeited the street-time credit he earned prior to his parole revocation in 2019. Tex. Gov't Code 508.149(a)(2); *see also Ex parte Hernandez*, 275 S.W.3d at 897.

Redmond argues that he had served his entire sentence at the time his parole was revoked in 2019. Pet. 6 (ECF No. 3); Mem. 3 (ECF No. 4). However, Redmond calculated his sentence as though he was continuously on parole between his first release on parole in 1999 and his second parole revocation in 2019. Pet. 6 (ECF No. 3); Mem. 3 (ECF No. 4). Redmond's argument is misplaced because such a calculation fails to account for the fact that his parole was revoked in 2005, and at that time he forfeited the credit for time spent on supervision between his release on parole in 1999 and his parole revocation in 2005. *See* State Habeas Ct. R. -02 (ECF No. 12-1) at 74-81; *see also* Resp. Ex B (ECF No. 10-2) at 5.

For these reasons, Redmond cannot establish a due process violation based on the loss of street-time credit, and this claim should be denied.

C.   Redmond failed to meet his burden under the AEDPA.

Last, Redmond fails to meet his burden of proof under the AEDPA. He raised his street-time credit claim in his state application. *See* State Habeas Ct. R. -03 (ECF No. 12-5) at 15-16. The CCA denied Redmond relief for this claim on the merits. *See* State Habeas Ct. R. -03 at "Action Taken"

Sheet (ECF No. 12-3). *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."); *see also Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits."). Redmond raises the same claim regarding street-time credit that he raised before the state habeas court, and this Court must defer to the state court's determinations.

Considering the state habeas court's ultimate decision to deny Redmond relief, he cannot show that this decision was objectively unreasonable. *See* 28 U.S.C. § 2254(d) (finding that relief under § 2254 is not warranted on a claim addressed on the merits by the state court unless the decision was unreasonable); *see also Sumner v. Mata*, 449 U.S. 539, 546 (1981) (noting that the deference afforded under § 2254(d) applies to cases where a state court has made "a determination after a hearing on the merits of a factual issue."). Due to this deference, a federal habeas court must do more than simply disagree with the state court before rejecting its factual determinations. Rather, a federal habeas court must determine that the state court's findings were not supported by the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). The state habeas court's rejection of Redmond's

street-time claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Redmond has not overcome his burden under the AEDPA, and he is not entitled to relief.

III.

The District Court should DISMISS Redmond's petition in part as barred by the one-year limitations period, 28 U.S.C. § 2244(d), and DENY it in part because his remaining claim lacks merit.

**SO RECOMMENDED.**

Signed October 20, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*